```
DANIEL J. BRODERICK, Bar #89424
Federal Defender
CARO MARKS, Bar #229267
Designated Counsel for Service
801 I Street, 3rd Floor
Sacramento, California  95814
Telephone: (916) 498-5700

Attorney for Defendant
SAM I. COBURN
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SAM I. COBURN,<br>MATTHEW J. COBURN,<br><br>　　　　　Defendant.<br>_____ | NO. CR.S-09-535-JAM<br><br>**AMENDED STIPULATION AND ORDER; VACATING TRIAL CONFIRMATION HEARING AND TRIAL DATE CONTINUING STATUS CONFERENCE; AND EXCLUDING TIME**<br><br>Date: April 19, 2011<br>Time: 9:30 a.m.<br>Judge: Hon. John A. Mendez |

IT IS HEREBY STIPULATED by and between the parties hereto through their respective counsel, KYLE REARDON, Assistant United States Attorney, CARO MARKS, attorney for SAM I. COBURN, and MICHAEL CHASTAINE, attorney for MATTHEW J. COBURN that the current status conference, trial confirmation hearing and trial dates be vacated and the matter be set for status conference on April 19, 2011 at 9:30 a.m..

　The reason for this continuance is that defense counsel for Sam Coburn, due to unforeseen family medical circumstances, has been out of the jurisdiction and needs additional time to meet with the defendant, to review the proposed plea agreement and to advise the defendant regarding a possible change of plea. Codefendant Matthew Coburn

1 requests a continuance to allow him to complete the paying off of a
2 specific debt.  As he has a job, he is now able to pay off this debt
3 within the next two weeks. A continuance will allow him to enter his
4 guilty plea and, eventually, enter into BOP custody without financial
5 burden. This is especially important as he and codefendant Sam Coburn
6 contribute substantially to their mother's support, and the defendants
7 do not wish to leave her with a debt upon their entry into custody.
8 <u>Counsel for defendant Coburn also believes that failure to grant the
9 above-requested continuance would deny her the reasonable time
10 necessary for effective preparation, taking into account the exercise
11 of due diligence.</u>

12     Based upon the foregoing, the parties agree that the time under
13 the Speedy Trial Act should be excluded from the date of signing of
14 this order through and including April 19, 2011 pursuant to 18 U.S.C.
15 §3161 (h)(7)(A)and (B)(iv)[reasonable time to prepare] and Local Code
16 T4 based upon continuity of counsel and defense preparation.  <u>The
17 parties further stipulate that the ends of justice served by continuing
18 the case as requested outweigh the interest of the public and the
19 defendant in a trial within the original dates prescribed by the Speedy
20 Trial Act.</u>

DATED:  February 17, 2011.            Respectfully submitted,

                                      DANIEL J. BRODERICK
                                      Federal Public Defender


                                      /s/ Caro Marks
                                      CARO MARKS
                                      Attorney for Defendant
                                      Sam I. Coburn

2

|   |   |
|---|---|
|   | /s/ Michael Chastaine |
|   | MICHAEL CHASTAINE |
|   | Attorney for Defendant |
|   | Matthew J. Coburn |

DATED: February 17, 2011.                BENJAMIN WAGNER
                                         United States Attorney

                                         /s/ Caro Marks for
                                         KYLE REARDON
                                         Assistant U.S. Attorney
                                         Attorney for Plaintiff

                                   ORDER

   UPON GOOD CAUSE SHOWN and the stipulation of all parties, it is ordered that the February 22, 2011 status conference and trial confirmation dates, as well as the March 14, 2001 trial date be vacated, and this case is continued for status conference hearing on April 19, 2011, at 9:30 a.m.  Based on the representation of defense counsel and good cause appearing there from, the Court hereby finds that the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  The Court finds that the ends of justice to be served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial.  It is ordered that time from today until April 19, 2011, shall be excluded from computation of time within which the trial of this matter must be commenced under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv) and Local Code T-4, to allow defense counsel reasonable time to prepare.

Dated: February 17, 2011

                                         /s/ John A. Mendez
                                         JOHN A. MENDEZ
                                         United States District Judge